41 C.C.P.A.(Patents)

**Application of GABRIELSEN.**

**Patent Appeal No. 6051.**

United States Court of Customs
and Patent Appeals.

June 4, 1954.

Henry L. Shenier, New York City
(Francis M. O'Connor and Fisher &
Christen, Washington, D. C., of counsel),
for appellant.

E. L. Reynolds, Washington, D. C.
(S. W. Cochran, Washington, D. C., of
counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON,
WORLEY, COLE, and JACKSON,
Judges.

WORLEY, Judge.

This is an appeal from the decision of
the Board of Appeals of the United
States Patent Office affirming the rejection
by the Primary Examiner of Claim
21 of appellant's application, Serial No.
768,997, for a patent on a "Coin Register
Assembly for Coin Controlled Vending
Machines." A number of claims
have been allowed. The rejection involved
in this appeal is based solely on
the ground that the rejected claim is incomplete.

The claim in dispute reads:

"21. A coin controlled device including
in combination an operating
chain of elements adapted to move
to permit the actuation of the device,
said chain including any one
of a plurality of slides, means
mounting the slides for sliding
movement, a plurality of stop means,
a plurality of biasing means normally
urging the stop means to
slide-stopping position, respective
means associated with respective
slides adapted to coact with predetermined
stop means to arrest the
movability of respective slides thereby
normally preventing the operation
of the chain, a coin guide for
receiving and generally vertically
positioning a plurality of coins of
predetermined denominations,
means carried by the stop means
for coadjuting with the sides of
coins in the coin guide complementary
to the associated means of a
predetermined slide for rendering
the biasing means of predetermined
slide to permit the operation of the
chain of elements."

Appellant's device is a vending machine designed to dispense articles upon depositing a single or several coins of certain denominations. It includes a group of slides each of which is adapted, upon movement, to set the mechanism in operation. Each of the slides is provided with one or more notches and a stop is located adjacent each notch and adapted to enter it under certain circumstances, thus locking the slide against movement. The stops are biased by springs which urge them toward the slides. When the slides are in their idle position the stops rest against the surfaces of the slides adjacent the notches. When the slides are moved, any stop which is not restrained will be moved by its spring into the corresponding notch, thus locking the slide against further movement and preventing it from operating the dispensing mechanism. Each of the stops has associated with it a pin which normally extends to a position at one side of a coin trough. Coins placed in the machine are directed by a coin selector to appropriate positions opposite the ends of these pins, and a coin so positioned will engage the corresponding pin and prevent the associated stop from entering a notch in the slide.

After placing a coin or coins in the machine, the patron operates a lever which moves all the slides to positions in which the stops are opposite the notches, and which will move them further unless their movement is arrested. After this movement, any stop which is not restrained will enter its notch and arrest the movement of its slide; but it appears that any stop with which a coin has been associated will be held in an inoperative position. If the proper coin or coins have been placed in the machine, it or they will be so located that one is opposite the pin of each stop associated with one of the slides. That slide, therefore, will be free to move and will operate the dispensing mechanism.

■ The limitation of the claim with which the rejection is principally concerned is "biasing means normally urging the stop means *to* slide-stopping position." It was the opinion of the examiner, and sustained by the board, that the quoted language requires that the stop means must normally be *in* slide-stopping position. We do not agree with that interpretation. The word "to," as defined in Webster's New International Dictionary, means "Indicating anything regarded as a terminal point or limit in the direction of which there is movement and at which there is arrival or in the direction of which there is movement or tendency without arrival." We think that definition is clearly satisfied by appellant's device in which there is always a tendency of the stops toward a slide-stopping position. The fact that the quoted portion of the claim is broad enough to cover actual movement to a slide-stopping position, as well as a mere tendency toward such movement, does not, in our opinion, render the claim fatally indefinite or incomplete.

■ The examiner and the board further held that if it be assumed that the stops are initially restrained from movement to slide-stopping position, then the claim is incomplete because it does not recite means for releasing the restraining means to permit movement to that position. However, we do not believe that, as the claim is drawn, such a releasing means is essential to its completeness. The claim specifies that the stops are biased so that they tend to move toward a slide-stopping position and the other elements of the claim are defined in such a manner as to result in arresting that movement when coins of predetermined denominations are placed in the machine. The action of each of the elements with respect to the others is pointed out and the relationships are so recited as to produce a unitary result, namely, the withholding of the stops from a slide-stopping engagement when the proper coins are inserted.

While the claim here under consideration is broad, we are of the opinion that it complies with the statutory requirements as to completeness and definiteness and that, especially in the ab-

sence of prior art, it should not have been rejected.

The decision of the Board of Appeals is reversed.

Reversed.

JOHNSON, Judge, dissents.

JACKSON, Judge, retired, recalled to participate herein in place of GARRETT, Chief Judge.